STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PHILIPPA BROWN,**
**Claimant Below, Petitioner**

**vs.)  No. 14-0621** (BOR Appeal No. 2049115)
                      (Claim No. 2013021233)

**PRESTIGE TELECOMMUNICATIONS,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Philippa Brown, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Prestige Telecommunications, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2014, in which the Board affirmed a December 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges dismissed Ms. Brown's protest of the claims administrator's January 30, 2013, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Brown, a field technician for Prestige Telecommunications, alleged that she developed carpal tunnel syndrome in the course of and as a result of her employment. Ms. Brown filed for benefits related to her carpal tunnel syndrome in West Virginia, despite never having worked in the State of West Virginia. The claims administrator determined that Ms. Brown was not entitled to benefits and denied her claim. Ms. Brown protested.

1

The Office of Judges determined that Ms. Brown could not receive benefits under West Virginia's Workers' Compensation scheme because she never worked for Prestige Telecommunications in the State of West Virginia. The Office of Judges noted that pursuant to West Virginia Code § 23-4-1(f) (2008), a claimant is not entitled to benefits unless he or she "has been exposed to the hazards of the disease in the State of West Virginia over a continuous period that is determined to be sufficient . . . ." Because Ms. Brown never worked in West Virginia, the Office of Judges determined that her alleged carpal tunnel syndrome could not have occurred by her exposure in West Virginia. As a result, the Office of Judges dismissed Ms. Brown's protest of the claims administrator's denial of her claim. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusions.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Because Ms. Brown has never worked in the State of West Virginia in any capacity, her carpal tunnel syndrome could not have been held compensable under West Virginia Code § 23-4-1(f). Therefore the conclusions and reasoning of the Office of Judges and Board of Review was not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II